**MARIAN HEALTH CENTER,**
Plaintiff–Appellee,

v.

**Willie F. COOKS, Defendant–Appellant.**

No. 89–399.

Court of Appeals of Iowa.

Dec. 21, 1989.

Frank Cal Tenuta of Legal Services Corp. of Iowa, Northwest Regional Office, Sioux City, for defendant-appellant.

Patrick C. McCormick, Sioux City, for plaintiff-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Justice.

Appellant, Willie Cooks, seeks discretionary review of the district court's affirmance of a magistrate court ruling that the wages he earned as a shoe shiner in a Sioux City bank were not protected from garnishment. We reverse.

Cooks' sole question on review is whether the state and federal garnishment exemption statutes discriminate between an independent contractor and an employee for purposes of determining whether the wages he earned from the bank were exempt from garnishment under Iowa Code section 642.21(1) (1987) and 15 U.S.C. sections 1671 through 1677. Cooks argues that the money he earned at the bank was for personal services performed for the bank and are exempt. Cooks further argues that the legislative intent behind the enactment of the state and federal garnishment exemption statutes is to prevent the loss of employment and income caused by burdensome garnishment. Cooks also contends that the exemption statutes do not discriminate between an employee and independent contractor when the wages earned were for personal services rendered. Lastly, Cooks argues that the district court's interpretation of the case law of other jurisdictions is misplaced.

In August 1986, the district court entered judgment against Willie Cooks in favor of Marian Health Center. On July 28, 1988, plaintiff served a notice of garnishment on the Security National Bank in Sioux City requesting a withholding of Cooks' earnings. Cooks had entered into a verbal agreement with Security National Bank (Bank) to shine shoes. The Bank was to pay Cooks $25 per week for shining shoes between the hours of 11:00 a.m. and 1:00 p.m. on Mondays. Cooks provided his

own shoe shine kit, while the Bank provided him an appropriate chair and stand. Cooks shined customers' shoes at no cost. The Bank did not withhold taxes from the $25 paid to Cooks, and the Bank paid Cooks with what the Bank termed an expense check. On other days Cooks worked at other locations.

The Bank failed to surrender the funds it owed Cooks pursuant to the notice of garnishment. Plaintiff subsequently filed an "Application for Order of Appearance" against the Bank, requesting the court to order the Bank to bring books and records relating to the employment and payment of Cooks' wages and to answer interrogatories. Following the hearing, the court entered judgment against the Bank for $125. Cooks then challenged this judgment by filing a request for an additional hearing on the garnishment action, alleging that his earnings at the Bank were exempt under Iowa Code section 642.21 (1987) and 15 U.S.C. sections 1671 through 1677.

On October 4, 1988, the magistrate ruled that Cooks was an independent contractor and therefore his earnings were not exempt.

Cooks appealed to the district court, which affirmed the magistrate ruling that Cooks' wages were not exempt under either Iowa Code section 642.21(1) (1987) or 15 U.S.C. section 1673(a)(1). On April 17, 1989, Senior Judge Reynoldson granted Cooks' application for discretionary review.

The standard of review of a discretionary review appeal of a small claims action depends on the nature of the case. If the action is a law case, as in the present action, we review the judgment of the district court on error. *Koethe v. Johnson*, 328 N.W.2d 293, 296 (Iowa 1982). Consequently, the district court judge's findings of facts have the force of a jury verdict and are binding if supported by substantial evidence. *Id.*

Appellant's main contention involves the interpretation of Iowa Code section 642.21 and 15 U.S.C. sections 1671–77. The relevant portion of Iowa Code section 642.21 states as follows:

The disposable earnings of an individual are exempt from garnishment to the extent provided by the Federal Consumers Credit Protection Act, Title III, 15 U.S.C. sections 1671–1677 (1982)....

For the purposes of this section:

a. The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonuses or otherwise....

b. The term "disposable earnings" means that part of the earnings of an individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

The Federal Consumer Credit Protection Act provides in pertinent part:

The maximum part of the aggregate disposable earnings of an individual for any work week which is subject to garnishment may not exceed,

(1) 25 per centum of his disposable earnings for that week,

or

(2) the amount by which his disposable earnings for that week exceed thirty times the federal minimum hourly wage....

The district court determined that the appellant was an independent contractor and therefore not entitled to the exemption in the garnishment statute. There is very little Iowa case law on when the exemption applies. Therefore, we must rely on our interpretation of the statute and the intent of the legislature.

In the interpretation of Iowa Code section 642.21, our ultimate goal is to ascertain and give effect to the intention of our legislature. *Kohrt v. Yetter*, 344 N.W.2d 245, 246 (Iowa 1984). We are to presume that the entire statute is intended to be effective and that a reasonable result is intended. *Id.* We consider all portions of the statute together, without attributing undue importance to any single or isolated portion. *Id.*

It seems clear that the legislature was more concerned with separating types of

income rather than distinguishing standard employees from independent contractors. The phrase "personal services" as used by the legislature means wages for work done by the person. This was intended to distinguish it from income from certificates of deposit or other investments. The intent of the legislature could not have been to distinguish employees from independent contractors. One of the express purposes of the statute is to prevent bankruptcies and the predatory extension of credit. Garnishing an independent contractor's income to exhaustion will result in bankruptcy as surely as it will with an employee.

The wording of the statute suggests the legislature was primarily concerned with the prevention of bankruptcies. However, the legislature also recognized that certain types of income may not need protection from garnishment as they are usually a secondary income. While income from the personal services of a person is usually what puts bread on the table. This is exactly the situation where the exemption is required in order to prevent a possible bankruptcy or the predatory extension of credit. It is not reasonable to assume the Iowa legislature intended to protect employees and to let independent contractors starve or go into bankruptcy. The income of the appellant is protected by the Iowa exemption law.

REVERSED.