**IOWA DEPARTMENT OF TRANSPORTATION,**
Plaintiff,

. v.

**IOWA DISTRICT COURT FOR GREENE COUNTY, Defendant.**

No. 89–1026.

Supreme Court of Iowa.

July 18, 1990.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Deputy Atty. Gen., Ted Metier, Asst. Atty. Gen., for plaintiff.

Joseph G. Bertogli, Des Moines, for defendant.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN and ANDREASEN, JJ.

CARTER, Justice.

The Iowa Department of Transportation (IDOT) challenges via an original certiorari action an order of the district court granting a temporary restricted license to Kevin J. Maher, whose operating privileges had been revoked for six years under Iowa Code section 321J.4(3)(a) (1989) after conviction of a third offense of operating a motor vehicle while intoxicated. It is a contention of IDOT that the scope of the temporary restricted license issued to Maher was too broad in that it permitted him to operate a motor vehicle not only to the extent necessary to maintain his present employment but also for purposes of driving to and from Alcoholics Anonymous meetings and appointments arising out of an aftercare treatment program. Upon hearing the arguments presented, we agree with the contention of IDOT and sustain the writ of certiorari.

I. *Facts and Proceedings Below.*

On October 17, 1988, Kevin J. Maher pleaded guilty to operating while intoxicated (third offense) in violation of Iowa Code section 321J.2 (1989). The district court sentenced Maher to an indeterminate term not to exceed five years, and ordered that his driving privileges in the State of Iowa be revoked by the IDOT for a period of six years. The court further recommended that Maher be placed in an appropriate substance abuse treatment program.

On April 18, 1989, Maher applied for a temporary restricted license as provided for under Iowa Code section 321J.4(8), asserting that such a license is necessary for him to maintain his present employment and that he had installed in his motor vehicle an approved ignition interlock device. A letter from his employer and a certification of installation were submitted in support of his application.

On April 29, 1989, the district court ordered the IDOT to issue Maher a temporary restricted license as provided for in section 321J.4(8). The district court subsequently entered an order nunc pro tunc, ordering that the temporary restricted license should also allow Maher to drive to and from Alcoholics Anonymous meetings

and to and from his aftercare treatment program. On July 6, 1989, the IDOT filed a petition for writ of certiorari claiming that the district court, in issuing the order nunc pro tunc, exceeded its authority.

II. *Scope of Permission to be Included in Temporary Restricted License Issued Pursuant to Iowa Code Section 321J.4(8).*

 Maher's right to a temporary restricted license (work permit) is statutory. *State v. District Court,* 419 N.W.2d 398, 399 (Iowa 1988). Iowa Code section 321J.20 specifically provides for the issuance of a temporary restricted license by the IDOT for the purpose of driving to and from a defendant's substance abuse treatment. However, that section does not apply to persons, like Maher, whose licenses have been revoked under section 321J.4(3). *See* Iowa Code § 321J.20(2).

Maher is eligible for a temporary restricted license under the provisions of Iowa Code section 321J.4(8), which states in pertinent part:

A person whose motor vehicle license has been revoked under this chapter and who is not eligible for a temporary restricted license under this chapter may petition the court for an order to the department to require the department to issue a temporary restricted license to the person. The court shall determine if the temporary restricted license is necessary for the person to maintain the person's present employment. If the court determines that the temporary restricted license is necessary for the person to maintain the person's present employment, the court shall order the department to issue to the person a temporary restricted license conditioned upon the person's certification to the court of the installation of approved ignition interlock devices in all motor vehicles that it is necessary for the person to operate to maintain the person's present employment.

Section 321J.4(8) does not expressly provide for any limits on the temporary restricted licenses allowed therein. The IDOT, however, argues that the language of the statute clearly shows that the legislature intended that these temporary restricted licenses be limited to the operation of motor vehicles when "necessary for the person to maintain the person's present employment."

 Because the language of section 321J.4(8) does not indicate the scope of the privilege to be accorded in a temporary restricted license issued pursuant to that statute, we must infer the breadth of the license intended from the circumstances which create the entitlement to such license. Persons who have a legitimate need to attend Alcoholics Anonymous meetings and aftercare treatment programs but who do not need transportation to and from work are not eligible for temporary restricted licenses under chapter 321J in situations where their licenses have been revoked under section 321J.4(3)(a). There thus appears to be no indication of a legislative intent to provide temporary restricted licenses for that purpose to persons whose licenses have been revoked under that section. We believe IDOT's arguments must prevail.

The writ of certiorari is sustained.

WRIT SUSTAINED. ·