**In the Matter of Gregory Earl SEXTON, Debtor.**

**Bankruptcy No. 91–2204–D–H.**

United States Bankruptcy Court, S.D. Iowa.

April 9, 1992.

William Titus, Iowa City, Iowa, for debtor.

Burton H. Fagan, Bettendorf, Iowa, trustee.

## ORDER—OBJECTION TO CLAIM OF EXEMPTIONS

RUSSELL J. HILL, Bankruptcy Judge.

On October 31, 1991, a telephonic hearing was held on Trustee's objections to Debtor's claims of exemptions. Trustee Burton H. Fagan appeared for the Trustee and William Titus appeared for the Debtor. At the conclusion of the hearing, the Court took the matter under advisement upon a briefing deadline. Debtor filed a Memorandum of Authorities; the Trustee filed a "Pre–Trial Brief"; and the parties also both signed a Proposed Stipulation of Facts filed December 9, 1991. The Court now considers the matter fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Upon review of the pleadings, arguments of counsel and stipulation submitted, the Court now enters its findings and conclusions pursuant to Fed. R.Bankr.P. 7052.

## FINDINGS OF FACT

The following findings of fact were made based on the stipulation of facts submitted by the parties.

1. The Debtor filed for protection under Chapter 7 of the Bankruptcy Code on July 29, 1991.

2. On his Schedule B–4, Debtor claimed as exempt a $430 "money payment" from Mason–Dixon and a $570 "money payment" from Continental Grain. The exemptions were claimed pursuant to Iowa Code § 627.6(9)(c).

3. The Debtor operated a sole proprietorship known as Sexton Trucking. Dur-

ing the course of 1991, Sexton Trucking employed four drivers, had two trucks, and was employed by numerous companies for transporting products.

4. For prepetition trucking services performed and/or "mileage shipped," "pursuant to terms of a written contract which Debtor will provide," Continental Grain owed the Debtor $1,100. The Debtor used his company truck to perform the services.

5. Continental Grain did not withhold taxes from the funds it paid the Debtor.

## CONCLUSIONS OF LAW

At issue is whether, pursuant to Iowa Code § 627.6(9)(c), the Debtor may claim as exempt wages the funds owed to the Debtor by Continental Grain. The Debtor argues his earnings as an independent contractor are protected by the exemption. He sees no reason to discriminate between the earnings of an employee and an independent contractor when the payments made are for personal services. He further argues that whether the earnings are for "personal services" should determine whether they are exempt and that "wages" should include any earnings that represent compensation for personal services. Trustee objects arguing that the exemption refers to employer-employee arrangements and not independent contractors whose funds are accounts receivable and not wages. Trustee focuses on the definition of the term "wages," which he argues does not include sums gained by the conduct of business.

Iowa Code § 627.6(9)(c) provides a resident debtor may hold exempt from execution the following property:

> In the event of a bankruptcy proceeding, the debtor's interest in accrued wages and in state and federal tax refunds as of the date of filing of the petition in bankruptcy, not to exceed one thousand dollars in the aggregate. This exemption is in addition to the limitations contained in sections 642.21 and 537.5105.

■ Iowa's exemption statute must be liberally construed, *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971); but a court must not depart substan-

tially from the express language of the exemption statute nor extend the legislative grant. *In re Hahn*, 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980) (citing *Wertz v. Hale*, 212 Iowa 294, 234 N.W. 534 (1931) and *Iowa Methodist Hosp. v. Long*, 234 Iowa 843, 12 N.W.2d 171 (1944)). The Iowa Supreme Court has not yet interpreted the meaning of "wages" in § 627.6(9)(c). In an unpublished decision this court interpreted "wages" in the context of § 627.6(9)(c) to imply an employer-employee relationship and to exclude the sums gained by those conducting their own businesses. *In re Snipes*, Case No. 88–668–CJ slip op. at 4 (Bankr.S.D.Iowa Oct. 26, 1988) (decision # 146 in Judge Jackwig's decision book) (citing 35 C.J.S. *Exemptions* § 47 (1960); 31 Am.Jur.2d *Exemptions* § 39 (1967)). *Snipes* held that the Iowa Legislature intended the § 627.6(9)(c) exemption for wages to include only those sums paid by an employer to an employee. *Id.* at 4–5.

Since *Snipes* the Iowa Court of Appeals has decided whether Iowa law discriminates between an independent contractor and an employee for the purpose of determining whether earnings are exempt from garnishment under Iowa Code § 642.21 (exemption from garnishment of net earnings, incorporating garnishment exemptions of the federal Consumer Credit Protection Act 15 U.S.C. §§ 1671–1677 (1982)). *Marian Health Ctr. v. Cooks*, 451 N.W.2d 846 (Iowa Ct.App.1989). *Cooks* concluded that the intent of the legislature could not have been to distinguish employees from independent contractors. *Id.* at 848. Rather, the legislature was more concerned with distinguishing between types of income, for example, income from investment versus income from personal services. *Id.* at 847–48.

■ Because the parties stipulated that the "Debtor used his company truck and billed Continental Grain for services performed," the Court concludes that in this particular case the Debtor may claim the funds owed by Continental Grain as exempt pursuant to Iowa Code § 627.-6(9)(c). First, the Court finds that under

the reasoning of *Cooks,* Iowa law does not distinguish for earnings, income, or wage exemption purposes (under § 642.21 or § 627.6(9)(c)) between independent contractors and employees. Rather, the focus should be on distinguishing between types of income. That is, whether the funds represent compensation from personal services, which are exempt, or the non-exempt account receivable an independent contractor derives from the labor of his or her employees or investment income. Second, the Court finds the parties agree that the funds owed by Continental Grain represent compensation for the personal services of the Debtor himself and not his employees. Therefore, the Court concludes those funds are exempt to the extent allowed by § 627.-6(9)(c).

## ORDER

IT IS ACCORDINGLY ORDERED that the Trustee's objection to Debtor's claim of exemption is overruled; and that the funds owed by Continental Grain to the Debtor are exempt as wages for the personal services of an independent contractor to the extent allowed by § 627.6(9).