WELLSBURG–STEAMBOAT ROCK
COMMUNITY SCHOOL
DISTRICT, Appellee,

v.

IOWA DEPARTMENT OF EDUCATION,
Appellant.

No. 93–1286.

Supreme Court of Iowa.

Nov. 23, 1994.

Rehearing Denied Dec. 20, 1994.

Bonnie J. Campbell, Atty. Gen., and Christie J. Scase, Asst. Atty. Gen., for appellant.

Peter L.J. Pashler and Ivan T. Webber of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellee.

CARTER, Justice.

The Iowa Department of Education (the agency) appeals from an order in a chapter 17A judicial review proceeding overturning its denial of supplemental weighted enrollment for school aid funding to the Wellsburg–Steamboat Rock Community School District. At issue is the interpretation of Iowa Code section 442.39A (1991). After considering the arguments of the parties, we affirm the order of the district court.

The Wellsburg Community School District and the Steamboat Rock Community School District began whole-grade sharing in the fall of the 1986–87 school year. As a result of so doing, these districts were made eligible for supplemental weighted enrollment school aid funding for the 1987–88, 1988–89, 1989–90, 1990–91, and 1991–92 school years pursuant to Iowa Code section 442.39(2). Prior to November 30, 1990, these two school districts initiated action to bring about a reorganized (merged) district. Following elections pursuant to Iowa Code sections 275.18 and 275.20,

that proposal was approved in 1991, effective for the 1992–93 school year.

In the fall of 1991, following final approval of the reorganization, the merged district applied to the agency for the first of five additional years of supplemental weighted enrollment funding for which it claimed entitlement under Iowa Code section 442.39A. The agency denied that application. It ruled that application for the additional supplemental weighting authorized by section 442.39A must be made within the time that the individual districts remained eligible to apply for supplemental weighting under section 442.39(2). Because the agency found that further eligibility of the Wellsburg District and the Steamboat Rock District to apply for supplemental weighting under section 442.39(2) had expired, the application based on section 442.39A was deemed to be untimely. In reversing that determination, the district court found that the agency acted in violation of the controlling statutes. That is a basis for granting relief under the Iowa Administrative Procedure Act. Iowa Code § 17A.19(8)(a) (1991). Our interpretation of the applicable statutes leads to the same conclusion.

Two statutes provide the controlling considerations to be applied in deciding the issues with which we are presented. These statutes read, in applicable part, as follows:

> Pupils attending classes in another school district or a community college, attending classes taught by a teacher who is employed jointly under section 280.15, or attending classes taught by a teacher who is employed by another school district, are assigned a weighting of one plus five-tenths, times the percent of the pupil's school day during which the pupil attends classes in another district or community college, attends classes taught by a teacher who is jointly employed under section 280.15, or attends classes taught by a teacher who is employed by another school district if the school budget review committee certifies to the department of management that the shared classes or teachers would otherwise not be implemented without the assignment of additional weighting. However, in lieu of the addi-tional weighting of five-tenths, the school budget review committee shall assign an additional weighting of one-tenth times the percent of the pupil's school day in which a pupil attends classes in another district or a community college, attends classes taught by a teacher who is employed jointly under section 280.15, or attends classes taught by a teacher who is employed by another district.... The additional weighting of one-tenth shall be assigned by the school budget review committee to a district for a maximum of five years. If the school district reorganizes during that five-year period, the assignment of the additional weighting shall be transferred to the reorganized district until the expiration of the five-year period.

Iowa Code § 422.39(2) (1991).

> In determining weighted enrollment under section 442.4, if the board of directors of a school district has approved a contract for sharing under section 442.39, subsection 2 or 4, and the school district initiated an action prior to November 30, 1990, to bring about a reorganization, the reorganized school district shall include, for a period of five years following the effective date of the reorganization, additional pupils added by the application of the supplementary weighting plan, equal to the pupils added by the application of the supplementary weighting plan in the year preceding the reorganization. However, the weighting shall be reduced by the supplementary weighting added for a pupil whose residency is not within the reorganized district. For purposes of this section, a reorganized district is one in which the reorganization was approved in an election pursuant to sections 275.18 and 275.20 and takes effect on or after July 1, 1986.

Iowa Code § 442.39A (1991).

■ The agency's attempt to sustain its decision and reverse that of the district court is based on a single premise. That premise is that the additional weighted formula funding authorized under section 442.39A is an incentive to promote school reorganizations. That incentive is only effective, the agency urges, if additional supplemental weighting formula eligibility is conditioned on complet-

ing the reorganization within a fixed time. We have no quarrel with these suggestions and agree that the legislature conditioned supplemental weighting under section 442.39A upon reorganization efforts being initiated within a prescribed period of time. As did the district court, however, we conclude that the two school districts involved in this proceeding did take action within the time established by section 442.39A to bring about a reorganization.

The agency's denial of the merged district's application under section 442.39A was based on its finding that the situation of the merged district did not fit within the statutory method for calculating weighted enrollment under section 442.39A. The statute provides that, in determining the extent of weighted enrollment, the reorganized district shall include for a period of five years following the effective date of the reorganization "additional pupils ... equal to the pupils added by the application of the supplementary weighting plan in the year preceding the reorganization." Although the two districts involved in the present reorganization each received their fifth and final year of weighted school aid under section 442.39(2) during the school year preceding the reorganization (1991–92), application for that aid was made during the prior school year (1990–91). The administrative determination of pupils to be added under the formula also took place during the 1990–91 school year.

The agency contends that pupils added by the application of section 442.39(2) are added at the time that administrative determination of the formula weighting is finalized. It urges that the last year that occurred was the 1990–91 school year, and there were no pupils added during the year preceding the reorganization. That circumstance, the agency suggests, makes the prescribed basis for granting additional supplemental weighting under section 442.39A nonexistent.

We do not interpret the language on which the agency relies as defeating the reorganized district's eligibility for additional years of supplemental weighting under section 442.39A. Our reading of that statute suggests that any school districts that were engaged in whole-grade sharing and acted to

initiate reorganization procedures prior to November 30, 1990, were eligible for additional supplemental weighting. The agency concedes that the Wellsburg District and the Steamboat Rock District initiated action to effect a reorganized district prior to November 30, 1990.

In a 1990 amendment to section 442.39A, the legislature extended the time for qualifying for the benefits that statute confers. At the same time, the legislature abandoned the requirement that reorganization must be *completed* within a prescribed time in order for the reorganized district to obtain additional supplemental weighting. It instead elected to condition this eligibility on the *initiation* of school reorganization procedures before November 30, 1990. 1990 Iowa Acts ch. 1217, § 4.

■ Because of the time required to complete the reorganization, school districts meeting the November 30, 1990 deadline for initiating reorganization procedures could experience a time gap of one school year between the final year of supplemental weighting under section 442.39(2) and the first year of supplemental weighting under section 442.39A. If, for example, the election required is not held by the prior November 30, there is a one-year delay in the effective date of the reorganization. Iowa Code § 275.24 (1991). In interpreting statutes, the ultimate goal is to ascertain and give effect to the intention of the legislature. *Marian Health Ctr. v. Cooks*, 451 N.W.2d 846, 847 (Iowa 1989) (We are to presume that the entire statute is intended to be effective and that a reasonable result is intended.). We do not believe that the legislature chose to grant additional time to qualify for supplemental weighting under section 442.39A and at the same time acted to deny that eligibility because of a predictable consequence that this additional time would have on the sequence between supplemental weighting under section 442.39(2) and supplemental weighting under section 442.39A.

The agency's argument distorts the purpose of the formula based on "pupils added ... in the year preceding reorganization." That purpose is simply to freeze the level of supplemental weighting under section

442.39A at the figure arrived at by applying the section 442.39(2) formula to the actual enrollment figures applicable for prescribing school aid for the year preceding the reorganization. Those demographics are available for the agency's use irrespective of whether the reorganized district was in fact involved with section 442.39(2) funding in the immediately preceding school year. Thus, the agency may not sustain its claim that the correct formula cannot be applied if there was a time gap between school years funded pursuant to section 442.39(2) and school years sought to be funded under section 442.39A. In the present situation, however, there was no gap. The two school districts involved did receive the application of section 442.39(2) supplemental weighting in the year preceding the reorganization.

■ The generally accorded meaning of the word "application" may be either an act of applying or an act of putting to use or administering. Webster's Seventh New Collegiate Dictionary 43 (1977). The context in which the word "application" is employed in the present statute suggests that the latter meaning was intended. Accordingly, application of the supplemental weighting plan extends throughout the entire process of the initial application in year one, the computation of weighted enrollment in year one, and the funding resulting from that computation throughout year two. Judged by this standard, the application of the supplemental weighting plan for the fifth and final year of section 442.39(2) eligibility extended throughout the 1991–92 school year. That was the year preceding the reorganization.

The interpretation of the statute that we adopt works no mischief to any perceived legislative goal of temporal proximity between section 442.39(2) funding and section 442.39A funding. The agency concedes that these statutes authorize a total of ten years of supplemental weighting for school districts

that meet their requirements. Adoption of the school district's position in this litigation results in those ten years of weighted school aid funding being applied to ten consecutive school years. It would be impossible to attain a closer temporal proximity of section 442.39(2) funding to section 442.39A funding.[1]

We have considered all arguments presented by the agency and conclude that the order of the district court should be affirmed.

**AFFIRMED.**

All Justices concur except TERNUS and LAVORATO, JJ., who dissent, and SNELL, J., who takes no part.

TERNUS, Justice (dissenting).

I respectfully dissent. I believe that the majority's interpretation of section 442.39A ignores the clear language of that statute.

The statute says that funding for a reorganized district is computed using the "*pupils added* by the application of the supplementary weighting plan in the year preceding the reorganization." Iowa Code § 442.39A (1991) (emphasis added). The majority states that "application of the supplemental weighting plan extends" through the "computation of weighted enrollment in year one" (i.e. *adding pupils* in year one) to the "*funding* resulting from that computation throughout year two." (Emphasis added.) It then concludes that because funding based on a weighted enrollment was received the year preceding reorganization, the reorganized district may continue to use the weighted enrollment computed two years earlier.

This analysis completely ignores the words "pupils added." Contrary to the majority's concentration on funding, section 442.39A does not even refer to the receipt of funds in determining the carryover of supplementary weighting. It focuses on "pupils added." This focus is understandable because "Iowa's

1. The relevant chronology is as follows:
   1986–87—Application made under § 442.39(2) for supplemental weighting to fund 1987–88 school year.
   1987–88—Funding received, application made under § 442.39(2) for 1988–89 school year.
   1988–89—Funding received, application made under § 442.39(2) for 1989–90 school year.
   1989–90—Funding received, application made under § 442.39(2) for 1990–91 school year.
   1990–91—Funding received, application made under § 442.39(2) for 1991–92 school year.
   1991–92—Funding received, application for first year of funding made under § 442.39A.

school finance formula is pupil-driven." *Exira Community School Dist. v. State,* 512 N.W.2d 787, 791 (Iowa 1994). Enrollment for purposes of calculating the budget for a particular year is determined in the year preceding the budget year. Iowa Code § 442.4(1) (1991). For example, the pupil count made in 1991–92 determines the budget for 1992–93.

The school district here concedes that the supplementary weighting allowed by section 442.39(2) was last applied in 1990–91. In other words, the last year in which pupils were added pursuant to the supplementary weighting plan of section 442.39(2) was 1990–91. That was two years before the reorganization which was first effective in the 1992–93 school year. The school district acknowledges that no pupils were added under section 442.39(2) in 1991–92, the year preceding the reorganization. No pupils were added in the year preceding the reorganization because the school district was no longer eligible under section 422.39(2) for supplemental weighting.

In summary, the record indisputably shows that pupils were not added in the year preceding the reorganization. Section 442.39A does not allow the computation of funding for a reorganized district to be based on pupils added two years earlier or school aid received one year earlier. That interpretation in not only inconsistent with the unambiguous language of the statute, it is contrary to the historical method of computing state foundation aid.

Although I sympathize with the school district, we should not ignore the clear language of the statute to fashion a remedy for its plight.

LAVORATO, J., joins this dissent.