**IOWA DEPARTMENT OF TRANSPORTATION, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR O'BRIEN COUNTY, Defendant.**

No. 94–1609.

Supreme Court of Iowa.

Nov. 22, 1995.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, Julie Burger and Kerry Anderson, Assistant Attorneys General, for plaintiff.

Keith G. Thompson, of Wolff, Whorley, DeHoogh & Thompson, Sheldon, for defendant.

Considered by LARSON, P.J., and CARTER, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

The Iowa Department of Transportation (DOT) seeks a writ of certiorari from a district court order directing the DOT to issue Paul Hoven a temporary restricted operator's license. The sole issue is whether the district court exceeded its jurisdiction under Iowa Code section 321J.4(8) (1993) by directing the DOT to permit Hoven to drive his children to day care in conjunction with employment and to parental visitations in addition to employment-related transportation. We conclude Hoven is permitted to drive his children to and from day care in conjunction with his employment under his temporary restricted license. The district court exceeded its authority by permitting Hoven to drive his car for the purpose of parental visitation.

I. *Background Facts and Proceedings.*

In January 1994 the district court revoked Paul Hoven's license for six years because he had three or more convictions for operating a motor vehicle while intoxicated. *See* Iowa Code § 321J.4(3)(a). Hoven applied for a temporary restricted license asserting he needed the license in order to maintain his employment as a construction worker. In February the district court ordered the DOT

to issue Hoven a temporary restricted license upon certification of the installation of an approved ignition interlock device. *See id.* § 321J.4(8). Upon certification to the court, the DOT issued Hoven a temporary restricted license for employment-related transportation.

On August 31, Hoven filed in district court an application for an expanded temporary restricted license for the purpose of driving his children to and from a day care provider in conjunction with his employment and to drive his children between him and his wife for visitation in the scope of pending custody and dissolution proceedings. The district court found good cause existed and ordered the DOT to issue an expanded temporary restricted license. The DOT filed a petition for writ of certiorari claiming the district court exceeded its jurisdiction under Iowa Code section 321J.4(8).

## II. *Scope of Review.*

Certiorari is appropriate when a district court is alleged to have exceeded its proper jurisdiction or to have acted illegally. Iowa R.Civ.P. 306. Our review is for the correction of errors at law. *State v. Iowa Dist. Court,* 503 N.W.2d 411, 412 (Iowa 1993).

## III. *Discussion.*

The district court has statutory authority to order the issuance of a temporary restricted license under Iowa Code section 321J.4(8):

> The court shall determine if the temporary restricted license is necessary for the person to maintain the person's present employment. If the court determines that the temporary restricted license is necessary for the person to maintain the person's present employment, the court shall order the department to issue to the person a temporary restricted license conditioned upon the person's certification to the court of the installation of approved ignition interlock devices in all motor vehicles that it is necessary for the person to operate to maintain the person's present employment.

In interpreting statutory language, our goal is to ascertain and give effect to the intention of the legislature. *Wellsburg–Steamboat Rock v. Iowa Dep't of Educ.,* 523 N.W.2d 749, 751 (Iowa 1994). Our construction of the statute must be reasonably made and carry out the legislative intent. *Olson v. Prosoco, Inc.,* 522 N.W.2d 284, 293 (Iowa 1994).

Section 321J.4(8) neither indicates the scope of the privilege granted with a temporary restricted license nor expressly provides any limits on the license. *Iowa Dep't of Transp. v. Iowa Dist. Court,* 458 N.W.2d 1, 2 (Iowa 1990). The statutory language clearly shows, however, a legislative intent to limit temporary restricted licenses for purposes "necessary for the person to maintain the person's present employment." *See id.* (finding no legislative intent to provide temporary restricted licenses for the purpose of driving to and from Alcoholics Anonymous meetings and aftercare treatment); *see also State v. Shaffer,* 461 N.W.2d 329, 331 (Iowa 1990) (finding the defendant failed to establish he needed a temporary restricted license to maintain his employment when he had a ride back and forth to work and he would not be terminated for missing work when a ride was not available). There is no statutory authority given to the court to expand the scope of the privilege granted with a temporary restricted license.

We believe driving children to and from day care in conjunction with employment falls within the intent of section 321J.4(8) requiring the license be necessary to maintain employment. Although we recognize the importance of contacts between parents and children, driving privileges for the purpose of visitation is not related to employment and is clearly outside the intent of section 321J.4(8). Consequently, the district court exceeded its authority when it permitted Hoven driving privileges for the purpose of driving his children between him and his wife for visitation. We sustain the writ of certiorari.

**WRIT SUSTAINED.**