**IOWA DEPARTMENT OF TRANSPORTATION,**
Plaintiff,

v.

**IOWA DISTRICT COURT FOR JOHNSON COUNTY,**
Defendant.

No. 96–751.

Supreme Court of Iowa.

Nov. 26, 1997.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Carolyn J. Olson, Assistant Attorney General, for plaintiff.

No appearance for defendant.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The Iowa Department of Transportation (DOT) brought this certiorari action challenging the district court's authority to order it to issue applicant a temporary restricted license pursuant to Iowa Code section 321J.4(8) (Supp.1995). We find the district court exceeded its authority and sustain the writ.

## I. Background and Proceedings Below.

Crystal Tabor's driver's license was revoked on July 22, 1994, upon her failure of implied consent chemical testing. On December 13, 1995, her license was again revoked due to another failure of implied consent chemical testing.

In March 1996 Tabor filed an application with the district court for an order certifying installation of an ignition interlock device and directing the DOT to issue her a temporary restricted license. The DOT filed a response, asserting that Tabor's current revocation for implied consent test failure required a minimum one-year period of ineligibility for a temporary restricted license that would not expire until December 13, 1996.

On April 9, 1996, the district court filed an order certifying the installation of the ignition interlock device and directing the DOT to issue a temporary restricted license to Tabor. The DOT filed a petition for writ of certiorari and motion for stay. We granted the petition and motion in an order filed May 15, 1996.

## II. Scope of Review.

■ Certiorari is appropriate when a district court is alleged to have exceeded its proper jurisdiction or to have acted illegally. Iowa R. Civ. P. 306. Review is for the correction of errors at law. *Iowa Dep't of*

*Transp. v. Iowa Dist. Ct.*, 540 N.W.2d 40, 42 (Iowa 1995).

## III. Statutory Authority to Order Issuance of Temporary Restricted License.

Pursuant to Iowa Code section 321J.4(8) (Supp.1995), a person whose driver's license has been revoked may petition the court for an order to require the DOT to issue the person a temporary restricted driver's license.[1] Section 321J.4(8) provides in pertinent part:

A person whose motor vehicle license has [ ] been revoked under this chapter, ... and who is not eligible for a temporary restricted license under this chapter may petition the court *upon the expiration of the minimum period of ineligibility for a temporary restricted license provided for under this section or section 321J.9, 321J.12, or 321J.20* for an order ... to require the department to issue a temporary restricted license to the person.... If the court determines that the temporary restricted license is necessary for the person to maintain the person's present employment, *and that the minimum period of ineligibility for receipt of a temporary license has expired*, the court shall order the department to issue to the person a temporary restricted license....

(Emphasis added.)

Section 321J.12(1) sets forth the driver's license revocation time periods when there is an implied consent test failure:

*a.* One hundred eighty days if the person has had no revocation within the previous six years under this chapter.

*b.* One year if the person has had one or more previous revocations within the previous six years under this chapter.

Pursuant to section 321J.12(2), a person who has had one or more previous revocations within the previous six years "shall not be eligible for any temporary restricted li-

---

**1.** The legislature amended section 321J.4(8) in 1995. *See* 1995 Iowa Acts ch. 48, § 9 (codified at Iowa Code § 321J.4(8) (1997)).

cense for one year after the effective date of the revocation."[2]

█ The DOT insists that the district court exceeded its authority in ordering it to issue Tabor a temporary restricted license in April 1996 because Tabor's minimum period of ineligibility for receipt of a temporary license had not expired. The DOT maintains that, because Tabor has had one or more previous revocations within the previous six years, pursuant to section 321J.12(1)(b) and (2) she was ineligible for a temporary restricted license for a period of one year from the date of her current revocation, December 13, 1995.

## IV. Conclusion.

We agree with the DOT that the plain language of amended section 321J.4(8) requires expiration of the minimum period of ineligibility before the court may order the DOT to issue a temporary restricted license. *See Henriksen v. Younglove Constr.*, 540 N.W.2d 254, 258 (Iowa 1995) (when text of statute is plain and its meaning clear, the court should not search for a meaning beyond the express terms of statute or resort to rules of construction). Further, we agree that Tabor's one-year period of ineligibility pursuant to section 321J.12(2) had not expired when the district court entered its order. We therefore conclude the district court exceeded its authority in entering an order directing the DOT to issue Tabor a temporary restricted license.

**WRIT SUSTAINED.**

---

**2.** Section 321.12 was also amended in 1995. *See* 1995 Iowa Acts ch. 48, § 12 (codified at Iowa Code § 321J.12 (1997)). Previously section 321J.12 set forth the time periods of revocation in which a person has failed an implied consent test but did not set forth the minimum time periods of ineligibility for a temporary restricted license. *See* Iowa Code § 321J.12 (1995).