[Civ. No. 35040. First Dist., Div. Four. May 20, 1975.]

FREMONT POLICE ASSOCIATION, Plaintiff and Appellant, v. CITY OF FREMONT, Defendant and Respondent.

**COUNSEL**

Carroll, Burdick & McDonough, Christopher D. Burdick, Ronald York and David R. Lipson for Plaintiff and Appellant.

Allen E. Sprague, City Attorney, and Theodore R. Bresler, Assistant City Attorney, for Defendant and Respondent.

## OPINION

**CHRISTIAN, J.**—The Fremont Police Association appeals from a judgment determining the validity of a personnel rule of the City of Fremont. The personnel rule complained of grants a vacation of 12 working days to any policeman with less than 5 years of employment; the issue is whether Government Code section 38634[1] requires the city to grant an annual leave of 15 working days to members of its police force.

The same question was considered by the Attorney General in an opinion which concluded that the term "days" in section 38634 refers to calendar rather than working days. (31 Ops.Cal.Atty.Gen. 132.) ▇ Opinions of the Attorney General are not binding on the courts, but they are entitled to great weight. (*Smith v. Anderson* (1967) 67 Cal.2d 635, 641, fn. 5 [63 Cal.Rptr. 391, 433 P.2d 183].) ▇ The opinion points out that the Legislature has in certain other enactments expressly provided that the term "days" refers to working days. No such specification appears in section 38634. When section 38634 was enacted in 1949, Government Code sections 18050 and 24005 had both referred to "working days" in the computation of vacation time for state and county employees respectively. The omission of that term from section 38634 suggests that the Legislature had not meant to refer to working days in providing a minimum standard for police vacations.

The statutes had previously provided that cities may grant each policeman "a leave of absence from active duty for a period of . . . 15 days." (See Stats. 1891, ch. 49, § 1, p. 47; Stats. 1907, ch. 44, § 1, p. 62.) Appellant argues that the deletion of the word "period," when the enactment was codified as section 38634, was significant. But the changed phraseology appears to be no more than a deletion of superfluous language; there is no significant difference between the expressions "period of 15 days" and "15 days." A change in phraseology does not impart a change in the meaning of a statute unless there is some material alteration thereof. (45 Cal.Jur.2d, Statutes, § 125, p. 634.)

A similar statute, Government Code section 53250,[2] has been construed to mandate only 15 calendar days (not working days) of vacation

---

[1]Government Code section 38634: "In every city having a regularly organized paid police force, the city legislative body or other body having the management and control of the police force shall grant every member of the force an annual leave of absence of 15 days from active duty."

[2]Government Code section 53250 provides: "The legislative body of a city, fire district, county fire district, and fire protection district in which there is a regularly organized paid

for firemen. (See *Cochrun* v. *County of San Bernardino* (1964) 229 Cal.App.2d 362, 367 [40 Cal.Rptr. 298].) Appellant points out that section 38634 contains no reference to consecutive days. But that difference in language does not compel the conclusion that section 38634 was designed to reach a contrary result. The word "day" had been construed to mean calendar day prior to the enactment of section 38634 (cf. Fish & G. Code, § 35; *Taylor* v. *Palmer* (1866) 31 Cal. 240, 244); it is to be assumed that the Legislature had enacted the section with knowledge of the existing laws. (45 Cal.Jur.2d, Statutes, § 101, p. 615.) We conclude that the trial court reached the correct result.

The judgment is affirmed.

Caldecott, P. J., and Emerson, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 16, 1975.

---

fire department or county fire warden department, shall grant to each regular or permanent member of the department an annual leave of absence from active duty of not less than fifteen *consecutive days.* It shall also grant each member a leave of absence from active duty of not less than four working shifts in each month of service." (Italics added.)

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.