Carl H. KOHRT, Next Friend of Darrin
L. Kohrt, and Darrin Kohrt,
Appellees,

v.

William L. YETTER, Appellant.

No. 83–772.

Supreme Court of Iowa.

Feb. 15, 1984.

William M. Tucker and Richard M. Tucker, of Phelan, Tucker, Boyle & Mullen, Iowa City, for appellant.

Phillip D. Seidl, of Tom Riley Law Firm, P.C., Cedar Rapids, and William B. Norton, of Norton & Freese, Lowden, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and WOLLE, JJ.

WOLLE, Justice.

The United States District Court for the Northern District of Iowa has certified to us a question of law:

Whether the six-year limitation set forth in Iowa Code section 614.1(9) is tolled during the infancy of an injured person pursuant to Iowa Code section 614.8.

We answer yes, concluding that the six-year limitation for bringing a medical malpractice action is tolled during the infancy of an injured minor person.

The few relevant facts have been stipulated by the parties pursuant to Iowa Rule of Appellate Procedure 15(f). In 1970 Dr. William L. Yetter, the defendant, performed surgery on Darrin L. Kohrt, the minor plaintiff who was then two years old. On April 15, 1982 an action against Dr. Yetter for medical malpractice related to the 1970 surgery was commenced in feder-al court by Darrin and by Carl L. Kohrt, Darrin's father and next friend. The defendant filed a motion to dismiss or for judgment on the pleadings, contending that the cause of action was barred by Iowa Code section 614.1(9) (1981), which provided in pertinent part:

Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

. . . . .

9. *Malpractice.* Those founded on injuries to the person or wrongful death against any physician ..., arising out of patient care, within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of, the injury or death for which damages are sought in the action, whichever of the dates occurs first, but in no event shall any action be brought more than six years after the date on which occurred the act or omission or occurrence alleged in the action to have been the cause of the injury or death unless a foreign object unintentionally left in the body caused the injury or death.

The plaintiffs resisted the motion, contending that Iowa Code section 614.8 (1981) extended the limitations period to one year after Darrin reached the age of majority. Section 614.8 provides:

The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and mentally ill persons, so that they have one year from and after the termination of such disability within which to commence said action.

Defendant contends that when the legislature used the phrase "but in no event shall any action be brought" in section 614.1(9), it intended that the tolling provision for minors found in section 614.8 would not apply. Plaintiffs disagree, contending that the "in no event" clause has no effect on the tolling provision for minors but rather modifies only that part of the malpractice limitation statute which immediately precedes the quoted phrase.

The legal question raised by the parties' differing interpretations of these two statutes has been certified to us by the federal court pursuant to Iowa Code chapter 684A (1983) and Rules 451–61 of the Iowa Rules of Appellate Procedure.

 In interpreting the two pertinent provisions of Iowa Code chapter 614, our ultimate goal is to ascertain and give effect to the intention of our legislature. *Beier Glass Co. v. Brundige,* 329 N.W.2d 280, 283 (Iowa 1983). We are to presume that the entire statute is intended to be effective and that a reasonable result is intended. Iowa Code § 4.4(2), (3) (1983). We consider all portions of the statutes together, without attributing undue importance to any single or isolated portion. *Beier Glass Co. v. Brundige,* 329 N.W.2d at 283; *Stearns v. Kean,* 303 N.W.2d 408, 413 (Iowa 1981).

■ The wording of the pertinent provisions quoted above, together with several other features of Iowa Code chapter 614, lead us to conclude that the legislature intended the tolling provision for minors in section 614.8 to apply to malpractice actions, notwithstanding the use of the "in no event" phrase in section 614.1(9).

Initially we note that section 614.8 applies by its own terms to "times limited for actions herein, except those brought for penalties and forfeitures." Because section 614.1 includes in its nine subsections actions for penalties and forfeitures, it is clear that the legislature intended to have section 614.8 extend the time for all actions referred to in section 614.1 except those expressly excluded. Consistent with that reading of section 614.8, we have applied the tolling statute for minors in extending the time limits beyond those provided in several of the nine numbered subsections of section 614.1. *See, e.g., Stearns v. Kean*, 303 N.W.2d at 413 (section 614.1(4) is tolled by section 614.8); *Conner v. Fettkether*, 294 N.W.2d 61, 63 (Iowa 1980) (dictum) (section 614.1(2) is tolled by section 614.8).

■ The language of section 614.1(9) provides further support for the plaintiffs' interpretation of these two provisions. Subsection nine was included as a part of section 614.1, whose preamble states:

Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, *except when otherwise specially declared:* ...

(Emphasis added.) A common-sense reading of that prefatory language is that section 614.8 is one of the "specially declared" exceptions, extending for minors the time limits provided in the nine subsections which follow. All of those subsections would be extended to one year after the minor reached majority except those involving "penalties and forfeitures" which section 614.8 specifically excepts.

■ This reading is also consistent with the wording of subsection nine itself. Defendant's reliance upon the phrase "but in no event shall any action be brought" is misplaced. A careful reading of subsection nine teaches that the "in no event" phrase was intended to modify only the immediately preceding portion of the subsection. "In no event" specifies an exception to the special discovery rule for medical malpractice cases with which the subsection begins. This reading also follows the general rule of statutory interpretation that an exception modifies only the language immediately preceding it. *River Bend Farms v. M & P Missouri River Levee District*, 324 N.W.2d 460, 462 (Iowa 1982); 2A Sutherland, *Statutes and Statutory Construction* § 47.11 (C. Sands 4th ed. 1973).

The circumstances which led to enactment of section 614.1(9) are also consistent with our interpretation of its language. We summarized that background in *Farnum v. G.D. Searle & Co.*, 339 N.W.2d 392 (Iowa 1983). *Farnum* involved a malpractice action against physicians employed by a county hospital; the question was whether section 614.1(9) replaced the shorter time limit in Iowa Code section 613A.5. We said:

Section 614.1(9) was enacted as part of a comprehensive act as a response to "a critical situation" caused by "the high cost and impending unavailability of medical malpractice insurance." 1975 Iowa Act ch. 239, § 1. *See Rudolph v. Iowa Methodist · Medical Center*, 293 N.W.2d 550, 558 (Iowa 1980). This statutory change came in the wake of our holding a year earlier that section 614.-1(2), the general statute of limitations in tort cases, was subject to a discovery rule in medical malpractice cases. *See Baines v. Blenderman*, 223 N.W.2d 199, 201 (Iowa 1974). It is obvious subsection (9) was added to restrict the discovery rule under section 614.1(2) rather than to supplant section 613A.5 in malpractice cases.

339 N.W.2d at 395. In this backdrop to section 614.1(9), as well as in its wording, we discern a legislative intent to restrict the discovery rule in medical malpractice actions without eliminating the tolling pro-

vision for minors. This same interpretation was disseminated in an article written by the legislative counsel for the Iowa Medical Society shortly after section 614.-1(9) was enacted. West, *Iowa Medical Liability Legislation—A Summary of House File 803*, 65 Iowa Medical Society Journal 493, 496 (1975). *Cf. Jones v. Morristown-Hamblen Hospital Ass'n.*, 595 S.W.2d 816, 821 (Tenn Ct.App.1979) ("[T]he legislature struck a compromise between the humane and logical results of the discovery rule on the one hand and the social cost of potentially unlimited periods of liability for medical malpractice on the other.").

We further note that when the Iowa legislature has intended to exclude a specific limitation provision in chapter 614 from the tolling provisions of 614.8, it has explicitly done so. Iowa Code sections 614.19 and 614.27 are two provisions in which the legislature has unequivocally provided that the tolling provisions of section 614.8 do not apply to particular statutes of limitation. Section 614.19 states:

> *Minors and insane.* The provisions of section 614.8 as to the rights of minors and insane persons shall not be applicable against the provisions of sections 614.17, 614.18 and 614.20. [Pertaining to claims to real estate antedating 1970].

Section 614.27 provides:

> *Persons under disability.* The provisions of section 614.8 as to the rights of minors and insane persons shall not be applicable against the provisions of sections 614.24 to 614.28. [Pertaining to the preservation of reversion or use restrictions on land].

We believe that if the legislature had intended to exempt the limitation on medical malpractice actions from the tolling provision for minors, it would have used clear and explicit language like that in sections 614.19 and 614.27.

■ Defendants ask that we apply to this case the two statutory rules of construction found in Iowa Code sections 4.7 and 4.8 (1981) which pertain to statutes which irreconcilably conflict. Section 4.7 prefers the specific statute over the general, while section 4.8 prefers the latest statute in date of enactment or the provision listed last in a particular act if the enactment date is the same. Neither rule is applicable here for two reasons. First, we find no irreconcilable conflict between the two statutes because the legislature did not intend the words "in no event" in section 614.1(9) to affect application of section 614.8 in medical malpractice actions. Second, we find that neither statutory provision can properly be considered more specific than the other when the two are compared. While section 614.1(9) relates only to a specific type of action (medical malpractice), section 614.8 relates only to two specific classes of claimants (minors and mentally ill persons).

The pleadings in this federal court action show that the father is a plaintiff both in his own right and as father and next friend of the minor son, but it is not clear whether he is asserting claims on his own behalf as well as claims he has filed on behalf of his minor son. The certified question, however, does not ask whether Iowa Code section 614.8 applies to the father's own claims as well as those he has asserted for his son. The parties have not addressed that issue and neither do we.

■ We hold that the time for bringing an action of the type referred to in Iowa Code section 614.1(9) is extended in favor of a minor for one year after the minor reaches the age of majority.

CERTIFIED QUESTION ANSWERED.