**PAINTERS AND ALLIED TRADES LOCAL UNION 246 and David L. Berlovich, Appellees,**

v.

**CITY OF DES MOINES, Iowa, Appellant.**

No. 89–783.

Supreme Court of Iowa.

Feb. 21, 1990.

Nelda Barrow Mickle, City Sol., Des Moines, for appellant.

Neil A. Barrick, of Barrick Law Office, Des Moines, for appellees.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

██ The focus of this appeal is the proper interpretation of a portion of Iowa Code section 29A.28 (1987). The relevant language allows municipal employees a leave of absence for military service "without loss of pay during the first thirty days of such leave of absence." Iowa Code § 29A.28 (1987). The district court found that the legislature intended that municipal employees be granted thirty paid working days of leave. The city contends that the statute grants only thirty calendar days, thereby including weekends and other days off in the period of absence.

We note at the outset that Iowa Code section 29A.28 applies to permanent employees of the state and its subdivisions, as well as municipal employees. The Iowa Department of Personnel grants state employees thirty working days of military leave. 581 Iowa Admin.Code 14.9. The painters union urges that we accept the Iowa Department of Personnel's rule as an interpretation of the statute binding upon municipalities.

It is clear to the court, however, that the rule promulgated by the department of personnel was not undertaken pursuant to Iowa Code section 29A.28. In drafting the rule, the department made no reference to the disputed statute, and it is clear that the rule granting thirty workdays of paid military leave to state employees was undertaken pursuant to the department's rule-making authority under chapter 17A of the Code, as the city argues. The department is authorized by Iowa Code section 19A.9(18) to make rules governing attendance and special leaves of absence, with or without pay. The rule cited by the painters union grants additional paid military leave to state employees pursuant to section 19A.9(18). Section 29A.28, the statute in dispute here, simply provides a minimum period during which both state and municipal employees must be allowed military leave without loss of pay.

██ Even if the rule promulgated by the department of personnel was directed toward interpreting Iowa Code section 29A.28, however, it would not be dispositive. This court gives weight to administrative interpretations of statutes, particularly when such interpretations are of long standing. *Welp v. Iowa Department of Revenue*, 333 N.W.2d 481, 483 (Iowa 1983). An administrative agency's construction of a statute, however, does not make law or change the legal meaning of a statute. This court is the final arbiter of a statute's meaning. *City of Fort Dodge v. Iowa Pub. Employment Relations Bd.*, 275 N.W.2d 393, 396 (Iowa 1979).

The statutory language is ambiguous with regard to whether the legislature intended that pay be granted for thirty working days or thirty calendar days. Our goal in resolving the issue is to determine legislative intent. *Office of Consumer Advocate v. Iowa State Commerce Comm'n*, 376 N.W.2d 878, 880 (Iowa 1985). We seek to establish a reasonable interpretation that will best effect the legislative purpose and avoid an absurd result. *State v. Bessenecker*, 404 N.W.2d 134, 137 (Iowa 1987).

██ Familiar rules of statutory construction aid in making our determination. In searching for legislative intent, the court looks only to what the legislature said, not to what it should or might have said. We do, however, consider the objects the legislature sought to obtain and the circumstances under which the statute was enacted in construing the language used by the legislature. *Bessenecker*, 404 N.W.2d 134, 137 (Iowa 1987). Unless words or phrases are given a different meaning by the legislature, or have a particular and appropriate meaning in law, this court usually accords them their ordinary meaning within the context in which they are used. Iowa Code § 4.1(2) (1987); *City of Des Moines v. Elliott*, 267 N.W.2d 44, 45 (Iowa 1978). Unless a contrary legislative intent is evident; the word or phrase is of doubtful meaning; or it appears strict adherence to its common and ordinary meaning will result in injustice, absurdity, or contradictory provisions; this court is

powerless to search for another meaning. *Lauhoff Grain Co. v. McIntosh,* 395 N.W.2d 834, 839 (Iowa 1986); *City of Fort Dodge v. Iowa Pub. Employment Relations Bd.,* 275 N.W.2d 393, 396–97 (Iowa 1979). We may not, under the guise of construction, extend, enlarge or otherwise change the meaning of the statute. *State v. Wedelstedt,* 213 N.W.2d 652, 656 (Iowa 1973).

We approach construction of the disputed language with these principles in mind. The legislature has not defined the term "day" in the Iowa Code. Consequently, we apply the rule that words should be given their ordinary meaning. In other contexts, courts have construed the word "day" when not modified as a calendar day. *State v. Sheets,* 338 N.W.2d 886, 886–87 (Iowa 1983); *Redmond v. Ray,* 268 N.W.2d 849, 853–55 (Iowa 1978); *see also, J.B.H. v. State,* 139 Ga.App. 199, 201–02, 228 S.E.2d 189, 191 (1976).

Courts in other jurisdictions have generally followed this rule in construing similar terms in similar military leave statutes. *Schampier v. Office of Gen. Servs.,* 73 A.D.2d 1011, 424 N.Y.S.2d 57, 58 (S.Ct.App. Div.3d), *aff'd,* 52 N.Y.2d 746, 436 N.Y.S.2d 276, 417 N.E.2d 570 (Ct.App.N.Y.1980); *Fremont Police Ass'n v. City of Fremont,* 122 Cal.Rptr. 92, 93, 48 Cal.App.3d 801, 804 (1975). In *Schampier,* the court reasoned that the legislature easily could have inserted the term "working days" into the statute if that had been its intent. *Schampier,* 424 N.Y.S.2d at 58. In order to adopt the position advocated by the painters union, this court must supply the missing modifier. In other words, the court would have to read a term into the statute that the legislature chose not to provide. The result would be an alteration and expansion of the meaning of the statute, a situation clearly violative of our rules of statutory construction. *Wedelstedt,* 213 N.W.2d at 656.

We also think it of some significance that the legislature chose the phrase "without loss of pay," rather than the phrase "with pay." The phrase used assures that the person will be treated the same by the employer during a period of absence in military service as he or she would be if present on the job. For example, an employee absent for military service, who normally worked a forty-hour week, eight hours a day, Monday through Friday, would receive the same pay for those days as though present on the job. The employee would serve "without loss of pay." This same employee normally would not work Saturday and Sunday, days off, and consequently would not normally be paid for those days off. If absent on Saturday and Sunday due to military leave, this employee would also not be paid for those days since he or she would not suffer a loss of pay for those days. The employee has not had a "loss of pay" when none was due. One cannot lose that to which one is not entitled. Had the legislature used the phrase "with pay" the opposite connotation is indicated.

We believe the statute's purpose is to encourage temporary service by employees in the armed forces by insuring they will suffer no penalty in their civilian employment rather than that they will obtain a bonus beyond their normal civilian compensation.

We are convinced that the legislature intended to allow employees thirty calendar days of military leave without loss of pay. For these reasons, the judgment of the district court is reversed.

REVERSED.