Vickie FISHER, Appellant,

v.

McCRARY–ROST CLINIC, P.C. and Yotin Keonin, Appellees.

No. 97–58.

Supreme Court of Iowa.

July 1, 1998.

Pete Leehey of Leehey & Valentine, Fort Dodge, for appellant.

Ned A. Stockdale of Fitzgibbons Brothers Law Firm, Estherville, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

CARTER, Justice.

Plaintiff, Vickie Fisher, appeals from an adverse summary judgment in her medical malpractice action against defendants, McCrary–Rost Clinic, P.C., and Dr. Yotin

Keonin. The granting of summary judgment was premised on the application of the six-year statute of repose contained in Iowa Code section 614.1(9) (1995). We have considered the parties' arguments and, for reasons discussed herein, affirm the judgment of the district court.

On July 29, 1987, Dr. Keonin performed a laparoscopic tubal ligation on Vickie Fisher at the McCrary–Rost Clinic, P.C. During a tubal ligation procedure, a clip is attached to each fallopian tube to prevent pregnancy by blocking the migration of oocytes from the ovary into the uterus. In September 1990 plaintiff experienced pelvic pain. She underwent surgery on September 19, 1990. This surgery was performed by Dr. Cesar Cardenas. His postoperative diagnosis was "pelvic pain secondary to ruptured ectopic pregnancy, right fallopian tube." Dr. Cardenas' written report stated that the clips from the 1987 tubal ligation were "in place and appeared to be in good position."

In June 1995 plaintiff had a tubal pregnancy involving the left fallopian tube. This resulted in a surgical procedure by Dr. James Comstock. In a medical report to plaintiff's attorney, dated September 11, 1995, Dr. Comstock stated that the tubal ligation clip that he removed from Vickie Fisher was submitted with the pathologic specimen to Dr. R.B. Wyatt in Fort Dodge. However, in response to an inquiry by plaintiff's attorney, Dr. Wyatt stated: "My report pertains to the left fallopian tube and left ovarian cyst submitted on June 23, 1995. That report does not mention the presence of a clip attached to the fallopian tube. Had such a clip been present, its presence would have been documented."

On June 3, 1996, plaintiff commenced the present action alleging medical malpractice by Dr. Keonin with regard to the 1987 tubal ligation procedure. She also asserted respondeat superior liability of McCrary–Rost Clinic as Dr. Keonin's employer. In her petition, plaintiff stated that she discovered the alleged malpractice on or about June 22, 1995. Defendants filed a motion for summary judgment, asserting that the claim was barred by the statute of repose contained in Iowa Code section 614.1(9). On October 24, 1996, the district court sustained the defendants' motion on this ground.[1] Plaintiff appeals.

█ The alleged negligent act occurred on July 29, 1987. In her petition, dated June 3, 1996, plaintiff claims that she discovered this alleged negligence on or about June 22, 1995. Iowa Code section 614.1 provides in relevant part:

Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

. . . .

9. *Malpractice.* Those founded on injuries to the person ... against any physician ... arising out of patient care, within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of, the injury or death for which damages are sought in the action, whichever of the dates occurs first, but in no event shall any action be brought more than six years after the date on which occurred the act or omission or occurrence alleged in the action to have been the cause of the injury or death unless a foreign object unintentionally left in the body caused the injury or death.

Although Fisher filed her petition within two years of discovering the alleged malpractice, it was filed more than six years after the alleged act occurred. Plaintiff does not dispute that her action is time barred if it does not fall within the foreign-object exception of section 614.1(9).

1. Plaintiff's petition alleged that Dr. Keonin's negligence was fraudulently concealed from her. In ruling on defendants' motion for summary judgment, the district court concluded that plaintiff had not been afforded a reasonable opportunity to complete discovery with respect to that allegation. Consequently, it postponed final ruling on the summary judgment motion until that opportunity had been afforded plaintiff. Plaintiff later withdrew the fraudulent concealment allegation and allowed final judgment to be entered based on the district court's interpretation of section 614.1(9).

Plaintiff argues that the foreign-object exception should be interpreted as also including situations in which a patient's care requires that some object be placed within the patient's body, and either (1) this is not done, or (2) the object is misplaced in the patient's body. We are convinced that the statute may not be interpreted as plaintiff suggests.

When a statute is plain and the meaning of its language is clear, courts should not search for another meaning beyond its express terms. *Painters & Allied Trades Local Union 246 v. City of Des Moines*, 451 N.W.2d 825, 826 (Iowa 1990); *City of Des Moines v. Elliott*, 267 N.W.2d 44, 45 (Iowa 1978). The language of the foreign-object exception to section 614.1(9) is narrowly limited to situations in which some object is unintentionally left in the body. Because that did not occur in the tubal ligation procedure of which plaintiff complains, the exception to the six-year statute of repose does not apply. Our conclusions find support in decisions from other jurisdictions holding that objects deliberately left in a patient's body by the medical practitioner do not trigger a foreign-body exception to a statute of limitations. *See Austin v. Litvak*, 682 P.2d 41, 47 (Colo.1984); *Rodriguez v. Manhattan Med. Group, P.C.*, 77 N.Y.2d 217, 566 N.Y.S.2d 193, 567 N.E.2d 235, 238 (1990); *Hall v. Ervin*, 642 S.W.2d 724, 728 (Tenn.1982).

Plaintiff also claims that the trial court erred in granting summary judgment because material facts remain unresolved. Specifically, she argues that it is not known whether Dr. Keonin omitted one or both clips or simply misplaced a clip within plaintiff's body. Because the foreign-object exception of section 614.1(9) would not apply in either situation, this factual uncertainty provides no basis for defeating summary judgment.

Finally, plaintiff argues that section 614.1(9) is unconstitutional under the equal protection clause of the fourteenth amendment to the federal constitution and article I, section 6 of the Iowa constitution. Because statutes of limitation do not implicate or affect fundamental rights, *see Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628, 1635–36 (1945), this court applies a rational-basis test in determining an equal protection challenge to a statute of limitations. *Koppes v. Pearson*, 384 N.W.2d 381, 384 (Iowa 1986).

Plaintiff challenges the distinction this statute draws between persons who have had objects unintentionally left in their body during a medical procedure and those who had clinically required objects improperly placed in their body or negligently omitted. Plaintiff bears a heavy burden of negating every reasonable basis upon which the statute may be sustained. *Argenta v. City of Newton*, 382 N.W.2d 457, 461 (Iowa 1986). We will uphold the statute if it bears some fair relationship to a legitimate public purpose. *Stracke v. City of Council Bluffs*, 341 N.W.2d 731, 733 (Iowa 1983).

The legislature enacted section 614.1(9) as a response to "a critical situation" caused by "the high cost and impending unavailability of medical malpractice insurance." 1975 Iowa Acts ch. 239, § 1. Along with the foreign-object exception, this court has also recognized an exception in the case of fraudulent concealment. *Koppes*, 384 N.W.2d at 385–86. Limiting the exceptions to these two narrow situations reasonably serves the perceived legislative purpose.

We recognized in *Koppes* that statutes of limitation and statutes of repose are designed to prevent the trial of stale claims because evidence gathering is usually made more difficult by the passage of time. We found a rational basis for the foreign-object exception to the six-year statute of repose because of the ease in which the placement of foreign objects in a patient's body may be verified at any future date. The issue in the present case goes far beyond a simple determination of whether a foreign object has been placed in the patient's body. It involves factual uncertainty concerning actions taken or failed to be taken more than six years prior to the commencement of the action. The vagaries of proof of the elements of this claim because of the passage of time provides a rational basis for including it among those claims that are subject to the statute of repose. We have considered all issues pre-

sented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**