# IN THE COURT OF APPEALS OF IOWA

No. 21-1778
Filed December 7, 2022


**JUANITA LAVERY, in her Individual Capacity and as Administrator of the ESTATE OF JOHN LAVERY, CHELSIE GOHLMANN and ALLISON LAVERY,**
    Plaintiffs-Appellants,

**vs.**

**REN TESTING CORP. and STEVE CAMPBELL,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Story County, Kurt J. Stoebe, Judge.


The plaintiffs appeal the grant of summary judgment in favor of the defendants in their wrongful death action. **AFFIRMED.**


Steve Hamilton and Molly M. Hamilton of Hamilton Law Firm, P.C., Clive, for appellants.

Jeffrey D. Ewoldt of Hopkins & Huebner, P.C., Des Moines, for appellees.


Considered by Bower, C.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

On January 18, 2018, John Lavery (John) suffered fatal injuries in a workplace accident.[1]  The accident occurred when a protective hood on a hydraulic motor test stand (stand) malfunctioned.  In November 2019, plaintiffs Juanita Lavery, Chelsie Gohlmann, and Allison Lavery[2] (collectively, "Lavery") filed a petition claiming the negligence of multiple defendants, including Ren Testing Corp. (Ren),[3] led to John's death.  Ren designed and manufactured the stand, and sold and delivered the stand to John's employer in 2000.  In November 2021, the district court granted summary judgment dismissing Ren as a defendant based on the statute of repose, barring the claims against Ren.  Lavery appeals.

> We review a district court's grant of summary judgment for correction of errors of law.  Summary judgment is proper if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party must show an absence of a genuine issue of material fact. We view the facts in the record in the light most favorable to the nonmoving party, and we draw every legitimate inference in their favor.

*Downing v. Grossman*, 973 N.W.2d 512, 518 (Iowa 2022) (internal citations omitted).

---

[1] John, age forty-five at the time of his death, was a military veteran who served in four separate deployments.  He retired from the military in 2016 and was hired at Danfoss in October 2017.  As noted above, he died in January 2018 in the workplace.

[2] Juanita Lavery is John's surviving spouse.  Juanita filed suit in her individual capacity and as administrator of John's estate.  Chelsie Gohlmann and Allison Lavery are John's adult children.

[3] The petition also named two of John's coworkers, Jake Olson and Steve Campbell, as defendants.  Olson was dismissed as a defendant and is not involved in this appeal.  Campbell remains a defendant and is also not involved in this appeal.

The instant summary judgment turns on the interpretation and application of Iowa Code section 614.1(2A) (2019). When engaging in statutory interpretation, "[o]ur goal 'is to ascertain legislative intent in order, if possible, to give it effect.'" *Carreras v. Iowa Dep't of Transp., Motor Vehicle Div*., 977 N.W.2d 438, 446 (Iowa 2022) (quoting *State v. Coleman*, 907 N.W.2d 124, 136 (Iowa 2018)). "To ascertain legislative intent, we examine 'the language used, the purpose of the statute, the policies and remedies implicated, and the consequences resulting from different interpretations.'" *Id.* (quoting *Albaugh v. The Reserve*, 930 N.W.2d 676, 683 (Iowa 2019)). "It is not our role 'to change the meaning of a statute.'" *Id.* (quoting *State v. Zacarias*, 958 N.W.2d 573, 582 (Iowa 2021)).

The Iowa Supreme Court has characterized section 614.1(2A) as a products-liability "statute of repose." *Albrecht v. Gen. Motors Corp*., 648 N.W.2d 87, 88 (Iowa 2002). Like a statute of limitations, a statute of repose is "designed to prevent the trial of stale claims because evidence gathering is usually made more difficult by the passage of time." *Id.* at 91 (quoting *Fisher v. McCrary–Rost Clinic, P.C.*, 580 N.W.2d 723, 725 (Iowa 1998)). Unlike a statute of limitations, a statute of repose typically runs from an earlier date "related to an act of the defendant" and "extinguish[es] existing rights or prevent[s] rights from arising." *Id.* at 90–91. A statute of repose embodies "the legislative conclusion that a point in time arrives beyond which a potential defendant should be immune from liability for past conduct." *Id.* (citation omitted). "In other words, a statute of limitations affects only the remedy, not the right, . . . whereas a statute of repose affects the right itself, extinguishing existing rights or preventing rights from arising." *Id.* at 91.

Iowa Code section 614.1(2A)(a) provides in relevant part:

> Those [actions] founded on the death of a person or injuries to the person or property brought against the manufacturer, assembler, designer, supplier of specifications, seller, lessor, or distributor of a product based upon an alleged defect in the design, inspection, testing, manufacturing, formulation, marketing, packaging, warning, labeling of the product, or any other alleged defect or failure of whatever nature or kind, based on the theories of strict liability in tort, negligence, or breach of an implied warranty shall not be commenced more than fifteen years after the product was first purchased, leased, bailed, or installed for use or consumption unless expressly warranted for a longer period of time by the manufacturer, assembler, designer, supplier of specifications, seller, lessor, or distributor of the product.

Therefore, section 614.1(2A) generally bars any claim Ren's negligence resulted in a "defect in the design, inspection, testing, manufacturing, formulation, marketing, packaging, warning, labeling of the product, or any other alleged defect or failure of whatever nature or kind" fifteen years after the stand "was first purchased, leased, bailed, or installed." *See id*.; *accord Albrecht*, 648 N.W.2d at 92 (stating the fifteen-year period in section 614.1(2A) "runs from the date the product was first purchased or installed for use").

Taking the record in the light most favorable to Lavery, Ren delivered the stand to John's employer by December 2000, and it was installed soon after the delivery date. Thus, the district court found the statute of repose began to run no later than December 2000 and barred actions against Ren commencing after December 2015 at the latest. *See* Iowa Code § 614.1(2A)(a). Because Lavery filed this action well after this date, the court granted summary judgment and dismissed Ren as a defendant.

Lavery argues the district court erred because the petition does not only allege Ren was negligent when it first designed, manufactured, and delivered the

stand, but that Ren also violated its post-sale duty to warn of defects and dangers related to the use of the stand. *See Lovick v. Wil-Rich*, 588 N.W.2d 688, 693–95 (Iowa 1999) (discussing the parameters and application of a claim based on a post-sale duty to warn). Lavery argues Ren's post-sale duty to warn is ongoing and not subject to a statute of repose based on the date the stand was initially delivered and installed. However, section 614.1(2A) explicitly applies to negligence claims based on an alleged defect in "warning, labeling of the product, or any other alleged defect or failure of whatever nature or kind." This language is sufficiently broad to subject the post-sale duty to warn to the same fifteen-year limitation.

Lavery notes the medical-malpractice statute of repose begins to run with the injury. *See Downing*, 973 N.W.2d at 519. The different dates are based on the different language used in the statutes of repose. *Compare* Iowa Code § 614.1(2A)(a) (stating product-liability claims "shall not be commenced more than fifteen years after the product was first purchased, leased, bailed, or installed for use or consumption"), *with id.* § 614.1(9)(a) (stating medical malpractice claims shall not "be brought more than six years after the date on which occurred the act or omission or occurrence alleged in the action to have been the cause of the injury or death"). Lavery highlights that other states have found a post-sale duty to warn is not subject to that state's statute of repose; however, these cases are based on constitutional and statutory language not found in Iowa and thus have little bearing on Iowa law. *See Hodder v. Goodyear Tire & Rubber Co.*, 426 N.W.2d 826, 830–32 (Minn. 1988) (finding Minnesota's products-liability statute of repose is not an absolute bar to recovery and only "emphasizes to the trier of fact the importance, in determining comparative liability, of considering whether the product has

outlived its useful life"); *Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 674–85 (Utah 1985) (finding Utah's products-liability statute of repose violated that state's constitutional protections for open courts and wrongful-death causes of action).

To the extent Lavery argues section 614.1(2A) unfairly prevents recovery for even death and severe injury, "[p]olicy arguments to amend the statute should be directed to the legislature." *See In re Est. of Whalen*, 827 N.W.2d 184, 194 (Iowa 2013); *accord Downing*, 973 N.W.2d at 519 ("While the statute of repose can have harsh consequences by cutting off a cause of action before it is discovered or even arises, it "reflect[s] the legislative conclusion that a point in time arrives beyond which a potential defendant should be immune from liability for past conduct." (citation omitted)).

To the extent Lavery argues Ren fraudulently concealed information about the dangers of the stand, the district court did not decide this issue so it is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Even if the issue were preserved for our review, Lavery points to no facts to support finding Ren engaged in fraudulent concealment. *See Downing*, 973 N.W.2d at 519–22 (discussing when fraudulent concealment overcomes the medical-malpractice statute of repose).

And to the extent Lavery argues section 614.1(2A) violates the constitutional guarantee of due process, this issue also was not decided by the district court so is not preserved for our review. *See Meier*, 641 N.W.2d at 537.

**AFFIRMED.**