# IN THE COURT OF APPEALS OF IOWA

No. 24-1098
Filed December 17, 2025


**JASON LATHROP,**
        Plaintiff-Appellant,

**vs.**

**MIDAMERICAN ENERGY COMPANY,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        A plaintiff appeals the district court's order granting the defendant's motion to dismiss his petition as barred under the statute of limitations and statute of repose. **AFFIRMED.**


        Steven Hamilton of Hamilton Law Firm, P.C., Clive, for appellant.

        Joseph G. Gamble and Gregory R. Brown of Duncan, Green, Brown & Langeness, P.C., Des Moines, for appellee.


        Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**LANGHOLZ, Judge.**

In February 1984, then-nine-year-old Jason Lathrop witnessed his brother get electrocuted by a live power line inside a fenced electrical substation now owned by MidAmerican Energy Company. Representing himself, Lathrop sued MidAmerican over the incident in December 2023. MidAmerican moved to dismiss the suit as time-barred under the statute of limitations, *see* Iowa Code §§ 614.1(2), 614.8(2) (2023), and the statute of repose for actions arising from improvements to real property, *see id.* § 614.1(11). And the court granted the motion, dismissing the petition on both the statute-of-limitations and statute-of-repose grounds.

Lathrop appeals—now represented by counsel—challenging both grounds. First, he contends that his allegation that he has a mental disability preventing him from filing suit sooner should have been enough to survive a motion to dismiss based on the statute of limitations. *See id.* § 614.8(1). And second, he argues that the statute of repose does not apply because his claim accrued before it was enacted and falls within an exception for claims against owners, occupiers, and operators of an improvement. *See id.* § 614.1(11)(d). MidAmerican argues that Lathrop failed to preserve error by raising any of these issues in the district court and that the court's decision was correct on the merits.

When a court rules on alternative independent grounds, an appellant must successfully challenge both grounds to reverse the ruling. And even assuming Lathrop preserved his claim of error on the statute-of-limitations ground, he did not make any argument against applying the statute of repose. So any challenge to dismissal based on the statute of repose is not preserved for our review. We thus affirm the court's dismissal based on that ground without considering its merits.

Before we can consider a claim of error on appeal, a party must first preserve the error by properly raising it in the district court. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court."). This error-preservation requirement gives the district court an opportunity to address the error itself "at a time when corrective action can be taken." *In re Marriage of Heiar*, 954 N.W.2d 464, 470 (Iowa Ct. App. 2020) (cleaned up). It thus preserves party and "judicial resources by avoiding proceedings that would have been rendered unnecessary had an earlier ruling on the issue been made." *Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000). And it ensures that we are acting as a court of *appeals*, reviewing a decision already made by the district court after adversarial testing, rather than considering it for the first time on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

MidAmerican argues that Lathrop failed to preserve any of his claims of error for our review because "he did not file a resistance to the Motion to Dismiss" or any post-ruling motion under Iowa Rule of Civil Procedure asking the district court to consider his arguments. And true, Lathrop did not file any document titled "Resistance to Motion to Dismiss." But his petition included the allegation that he "suffered from mental health disabilities that have precluded him from bringing this action at an earlier time as defined in Iowa Code § 614.8."[1] And ten days after

---

[1] Section 614.8(1) extends "[t]he times limited for actions in" chapter 614 "in favor of persons with mental illness, so that they shall have one year from and after the termination of the disability within which . . . to otherwise commence an action."

MidAmerican filed its motion to dismiss, Lathrop filed a hand-completed preprinted form "motion" for a self-represented litigant, which asked the court: "need to add evidence to the case needed for the right decision in this . . . high profile case[.] 1st ever heard of I'm that mentally ill." The filing also explained he was "making this request[] because: I'm mentally ill, and this evidence needs to be together with this case, please and thank you very much[. A]lso MidAmerican wanted you to make the wrong decision." Five days later, Lathrop filed a second hand-completed form making a "jury demand on case."

Still, none of Lathrop's filings made any reference to MidAmerican's arguments for dismissal based on the statute of repose for actions arising from improvements to real property in Iowa Code section 614.1(11). And we have no record of the hearing on the motion to dismiss.

Lathrop thus failed to preserve his claims of error about the district court's dismissal of his petition based on the statute of repose in section 614.1(11). He did not argue to the district court that his claim arose before the enactment of that statute or that his claims fall within an exception to the statute.[2] The district court did not decide either of those issues. And even after the court dismissed his petition based on the statute of repose, he still did not file a motion for reconsideration or enlargement to raise either issue for decision by the district court. *See Bill Grunder's Sons Constr., Inc. v. Ganzer*, 686 N.W.2d 193, 197–98

[2] Lathrop does not argue on appeal that the statute of repose was extended by section 614.8 on account of his mental illness—he only argues for an extension of the statute of limitations on this basis. *Cf. Albrecht v. Gen. Motors Corp.*, 648 N.W.2d 87, 93–95 (Iowa 2002) (holding that section 614.8(2)'s extension provision for minors does not apply to the statute of repose in section 614.1(2A)(a) based on the differences between statutes of limitations and statutes of repose).

(Iowa 2004) (holding that even "if the movant has failed to establish its claim" for judgment on a dispositive motion "and the court nevertheless enters judgment, the nonmovant must at least preserve error by filing a motion following entry of judgment, allowing the district court to consider the claim of deficiency").

So it is too late for Lathrop to make those arguments for the first time to us on appeal. *See id.* We thus cannot reverse the court's dismissal of Lathrop's petition as barred by the statute of repose in Iowa Code section 614.1(11) and affirm on that ground without reaching the court's independent and alternative ground for dismissal based on the statute of limitations. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (holding that ruling could be affirmed on any one of "six independent grounds" relied on by the trial court); 5 C.J.S. *Appeal & Error* § 838 (2025) ("When a decision is based on alternative grounds, the fact that one of the grounds may be in error is of no consequence and may be disregarded on appeal if the judgment can be sustained on one of the other grounds.").

**AFFIRMED.**