## ALLISON *et al.* v. HESS.

1. **Judgment:** ESTOPPEL: RES ADJUDICATA. Defendant demurred to a petition in equity upon which an injunction had been granted, and the demurrer was sustained, but no judgment was entered thereon, and the plaintiff had leave to amend. Afterward the parties agreed ·in writing that the surety in the injunction bond should be released from liability thereon except for costs, and the plaintiff abandoned the action. *Held*, that such prior proceedings did not constitute a bar to a future action.

2. **Contracts:** ILLEGAL CONTRACT: COMPOUNDING FELONY. A contract for the compromise or compounding of a felony is illegal, and the parties thereto being *in pari delictu*, the law will not afford affirmative relief to either, but leave them as it found them.

*Appeal from General Term Second District (Lucas County).*

WEDNESDAY, JANUARY 5.

SUIT in equity to enjoin the further prosecution of an action for forcible entry and detainer, brought by this defendant against these plaintiff's. On final hearing in the District Court plaintiff's petition was dismissed absolutely. On appeal to the General Term the judgment

of the District Court was affirmed. The plaintiffs now
appeal to this court.

*J. W. Wilkerson, Perry & Townsend* for appellants.

*Stuart Bros.* for appellee.

COLE, Ch. J.— The petition alleges that in June, 1865,
the plaintiffs were the owners of a certain forty acre
tract of land in Lucas county, and had resided
thereon, as their homestead, for about nine
years; that the defendant, as prosecuting witness, had
caused their son, Henry Allison, to be arrested and held
for examination upon the criminal charge of concealing
stolen money, etc., and was about to prosecute him to con-
viction and have him punished therefor; that said defend-
ant came to plaintiffs and it was agreed between them,
that in consideration of the conveyance by plaintiffs to
defendant of their homestead, the defendant would give
them a lease of it for eight months free of rent, and
would not appear as a witness in the criminal prosecution
against their son Henry, but would have the same dis-
missed, and have him discharged from arrest; that the
deed and lease were executed accordingly, and defendant
did not appear as witness against Henry, and he was dis-
charged. That defendant had brought suit for forcible
entry and detainer against plaintiffs, before a justice of
the peace, and upon trial there the plaintiffs in this action
(defendants therein) were successful, but the said Hess had
appealed said action to the District Court, and would suc-
ceed therein by reason of the conclusiveness of the lease,
etc., unless enjoined, etc., and the lease declared by a
court of equity to be void, etc.

The defendant denies the compromise of the felony as
alleged, and avers that the homestead was really the prop-
erty of Henry, who had in his possession the money of

defendant, which had been stolen from him, to an amount largely in excess of the value of the property, and the same was conveyed to him in consideration of the money thus received and held by him; the defendant also pleads a prior adjudication.

Upon the question of prior adjudication, the proof shows that the plaintiffs brought their action in equity, alleging substantially, though not as fully, the same matters as are set forth in the petition in this action; that the defendant demurred thereto, and the demurrer was sustained, but no judgment was entered thereon, and the plaintiffs had leave to amend. That afterward the parties agreed in writing that the surety on the injunction bond should be released from all liability thereon, except for costs, and the plaintiffs abandoned that action. We hold, upon these facts, that such prior proceedings do not constitute a bar to this action.

The testimony in the cause satisfactorily establishes the fact that the conveyance and lease were parts of one and the same contract, and that they were exe- **2. CONTRACTS:** **illegal contract:** **compounding** **felony.** cuted in furtherance of and pursuant to the illegal contract for the compromise of the felony with which Henry was charged, and from the prosecution for which he was dismissed.

The compromise or compounding of a felony is prohibited by our statute (Rev. §§ 4286, 4287), and the penalty of imprisonment is prescribed therefor. And the rule seems to be well settled, that where a contract is illegal, whether it is because of being *malum prohibitum* or *malum in se*, the law will not afford affirmative relief to either, but will leave the parties as it found them. *Marienthal et al.* v. *Shafer et al.*, 6 Iowa, 223, and authorities there cited; *Guenther* v. *Dewien*, 11 id. 133; *Pike* v. *King*, 16 id. 50. Whether the defendant, Hess, can recover upon the lease in his action for

forcible detainer, we cannot now in this case properly determine; but it is quite apparent that, under the general rule above stated, these plaintiffs, who are shown to be *particeps criminis*, are not entitled to the affirmative relief afforded by an injunction against the prosecution of the action for forcible detainer, or by declaring the lease null and void.

Affirmed.