Roger HARRIS, Appellant,

v.

Marlow JONES and Phyllis Jones, Appellees.

No. 90–258.

Supreme Court of Iowa.

Oct. 16, 1991.

Michael J. McCarthy of McCarthy & Lammers, Davenport, for appellant.

John O. Moeller, Davenport, for appellees.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL and ANDREASEN, JJ.

LARSON, Justice.

Roger Harris repaired an apartment owned by Marlo and Phyllis Jones (Jones), who later sued him in small claims court for failure to do the work in a proper manner. Harris filed a counterclaim for $2000 for his services, but his counterclaim was dismissed, without prejudice, by the magistrate as being too late. In the same order, the magistrate dismissed the Jones suit on its merits. Harris later filed suit in district court for $4600.

■ The district court dismissed the suit, ruling that Harris' remedy was to appeal the dismissal of his counterclaim, not to file a separate suit. The court of appeals affirmed. We hold that the magistrate's dismissal without prejudice did not preclude Harris' later claim in district court. We vacate the court of appeals decision, reverse the district court, and remand for further proceedings.

The magistrate's order provided:

The court grants no money to [Harris] in his counterclaim because the counterclaim was untimely filed. Therefore, [Harris'] counterclaim is dismissed; however, the court makes no finding as to whether the counterclaim was compulsory and whether such dismissal is with prejudice *as the dismissal is not meant to be entered upon the merits of the counterclaim.*

(Emphasis added.)

Ordinarily, claims such as these, which "arise out of the same transaction or occurrence," are covered by the compulsory counterclaim provisions of Iowa Rule of Civil Procedure 29. Under that rule, a counterclaim is barred by a final judgment on the merits of the main case, even if the counterclaim had not been pleaded. This is not true in small claims actions, however, because the compulsory counterclaim provisions of rule 29 do not apply. *See* Iowa Code § 631.7(4).

■ We do not believe that it was error for the magistrate to dismiss the counterclaim, which was filed only one day before the trial. If a counterclaimant is to be

allowed his day in court, fairness would require that the magistrate either grant a continuance for the plaintiff to deal with the counterclaim or, as here, preserve the counterclaim for later disposition. The magistrate chose the latter, a decision well within the magistrate's discretion to control the flow of the small claims docket.

Iowa Code section 631.7(4), by excluding small claims from our compulsory counterclaim rule, anticipates that defendants will file separate suits for claims arising out of the same transaction. This is consistent with the informal procedures for small claims actions. *See* Iowa Code § 631.11.

The dismissal without prejudice is also compatible with other statutory procedures for dealing with claims improperly joined in small claims court. For example, if, instead of demanding $2000 (the jurisdictional amount in small claims actions) in his original counterclaim Harris had demanded $4600 (as he later did in his district court suit), the magistrate would have been specifically authorized to dismiss the counterclaim without prejudice, to be asserted later in a court with appropriate jurisdiction. *See* Iowa Code § 631.8(2)(a).

We conclude it was error for the district court to dismiss Harris' suit. We vacate the court of appeals decision, reverse the district court, and remand for further proceedings.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; REMANDED FOR FURTHER PROCEEDINGS.