**Mark J. HUNKE, Appellee,**

v.

**Paul L. VEACH, Edward C. Sherwood, and Carolyn J. Hill, Appellants.**

No. 96–1406.

Supreme Court of Iowa.

Dec. 24, 1997.

Benjamin E. Bellus, Des Moines, for appellants.

Mark J. Hunke, Carroll, pro se.

Considered by HARRIS, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The plaintiff, Mark Hunke, was a landlord who leased a duplex to the defendants, Paul Veach, Edward Sherwood, and Carolyn Hill. Following an inspection which revealed violations of the city's housing code and a dispute about the landlord's obligation to make repairs, the tenants withheld the payment of rent and eventually vacated the premises.

On January 12, 1996, the landlord filed a small claims action seeking $2100 for unpaid rent and cleanup expenses. The tenants, acting pro se, filed an appearance and answer. A telephonic hearing was scheduled for February 20, 1996. Prior to the small claims hearing, the tenants obtained legal counsel, and on February 16 their counsel mailed notice of a counterclaim to the landlord. The landlord received the counterclaim on February 17, and it was filed with the court on February 19.

Following the February 20 hearing, the district associate judge found the landlord was entitled to $1213 for unpaid rent and cleanup expenses and the tenants were enti-

tled to $2140 in damages for their damage deposit and rent and utility refunds. The court entered a judgment against the landlord for the $927 difference.

The landlord appealed the small claims decision to the district court. The district court determined the damage amounts had been correctly determined. However, it concluded the tenants' counterclaim was untimely under Iowa Rule of Civil Procedure 29 and should not have been allowed because it was prejudicial to the landlord. The court determined the tenants' claim should act only as an offset against the landlord's claim and neither side should take anything from the action.

The tenants filed an application for discretionary review which we granted. Our review is on error. *See Ravreby v. United Airlines, Inc.*, 293 N.W.2d 260, 262 (Iowa 1980).

The compulsory counterclaim provisions of Iowa Rule of Civil Procedure 29 do not apply in small claims actions. Iowa Code § 631.7(4) (1995); *Harris v. Jones*, 476 N.W.2d 54, 54 (Iowa 1991). The landlord was aware of the counterclaim three days before trial and was able to present responsive evidence regarding the fair market rental value of the property. In his appeal brief to the district court, he did not assert any prejudice in having to defend the counterclaim on short notice.

The district court is to decide small claims appeals without regard to technicalities or defects which have not prejudiced the substantial rights of the parties. Iowa Code § 631.13(4)(a). The tenants' counterclaim was in writing and was served on the landlord as required by Iowa Code section 631.7(3). The district court erred in disallowing the counterclaim, and we remand the case for the reinstatement of the judgment thereon.

**REVERSED AND REMANDED.**