VAITHESWARAN, J.
(dissenting).
The majority provides compelling reasons for dispensing with an on-the-record *295 colloquy in aggravated misdemeanor cases supported by written pleas that waive the colloquy. I do not disagree with those reasons, but I read State v. Meron, 675 N.W.2d 587 (Iowa 2004), as requiring something different.
In Meron, the court stated
[W]hile the rule embraces the use of written waiver forms, neither Kirchoff nor the waiver language of rule 2.8(2)(b) diminishes the importance and necessity of the court’s role to ensure each plea is voluntary, intelligent, and supported by facts. Instead, they simply recognize that the court, in making its required determination in misdemeanor cases, can use a defendant’s written acknowl-edgement [and] ... waive the necessity of a full in-court colloquy.
675 N.W.2d at 543 (emphasis added). The court reiterated that the rule “allows the court, upon examination of a written plea, to waive the necessity of a full in-court colloquy” but “does not give the defendant the right to waive the means for the court to determine that the plea is voluntarily and intelligently entered.” Id. at 543 (emphasis added). The only means I can think of that would allow a court to determine whether a plea is voluntary and intelligent would be an in-court conversation with the defendant.
The court said just that in State v. Finney, 834 N.W.2d 46, 58 (Iowa 2013). There the court stated, “[T]he defendant’s understanding [of the plea matters] involved] a subjective concern, requiring the trial court to delve into the accused’s state of mind, and ... such an inquiry is best done on the record through a thorough personal colloquy between the court and the defendant.” Finney, 834 N.W.2d at 58. The court went on to say, “[A]n on-the-record discussion during the plea colloquy between the court and the defendant enhances the ability of the district court to determine the various due process volun-tariness issues which turn on the state of mind of the defendant at the time the plea is made.” Id. at 61.
The district court did not conduct an on-the-record plea colloquy, apparently relying on Sutton’s written waiver of his “right to have the Court address [him] personally.” While this waiver is a clear expression of Sutton’s intent to waive an in-person colloquy, Meron tells me that this language does not absolve the court of the obligation to engage in a conversation with Sutton to determine whether the plea was voluntary and intelligent.
In the absence of a plea colloquy, I would find the record inadequate to address Sutton’s voluntariness claim. See State v. Tate, 710 N.W.2d 237, 241 (Iowa 2006) (finding the record inadequate to address the defendant’s ineffective-assistance-of-counsel claim on direct appeal). I would preserve this issue for postconviction relief to permit the development of a record on whether Sutton knowingly and intelligently pled guilty to the crime.