# IN THE COURT OF APPEALS OF IOWA

No. 20-0762
Filed April 28, 2021

IN RE THE MARRIAGE OF ORVILLE GARDNER
AND ALBA BELEN MALDONADO

Upon the Petition of
ORVILLE GARDNER,
   Petitioner-Appellee,

And Concerning
ALBA BELEN MALDONADO,
   Respondent-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.

Alba Maldonado appeals and Orville Gardner cross-appeals the district court's order dismissing Maldonado's petition for modification of physical care and child support. **AFFIRMED ON APPEAL AND CROSS-APPEAL.**

John C. Wagner of John C. Wagner Law Offices, P.C., Amana, for appellant.

Jennie L. Clausen and Ryan M. Beckenbaugh of H.J. Dane Law Office, Davenport, for appellee.

Considered by May, P.J., and Greer and Schumacher, JJ.

**MAY, Presiding Judge.**

Alba Maldonado and Orville Gardner are former spouses who have two minor children. Maldonado appeals from an order dismissing her petition for modification of their dissolution decree's physical care and child support provisions. Gardner cross-appeals from the district court's denial of his request for attorney fees. We affirm on both appeals. We also decline to award appellate attorney fees.

**I. Factual Background**

Maldonado and Gardner were married in 2006. In September 2018, the district court entered a decree dissolving their marriage. Gardner was granted sole legal custody and physical care. Maldonado was granted visitation.

In March 2019, Gardner filed an application to suspend Maldonado's visitation rights, an application for rule to show cause, and a petition for modification of the dissolution decree. In April, the court temporarily suspended Maldonado's weekend visitation and ordered her weekday visitation be supervised. Maldonado filed a counter-petition to modify the decree. In August, the court approved a stipulation to return to the original parenting schedule detailed in the dissolution decree and dismissed both petitions.

About five months later, in January 2020, Maldonado filed a petition for modification of the decree's physical care and child support provisions. Gardner filed a pre-answer motion to dismiss for failure to state a claim on which relief could be granted. Gardner also requested attorney fees and sanctions.

After a hearing, the court entered an order dismissing the petition. The court described the standards that govern motions to dismiss, including the principle that

dismissal "cannot be based upon facts not alleged" in the petition. *See Curtis v. Bd. of Supervisors*, 270 N.W.2d 447, 448 (Iowa 1978). "However," the court noted, "judicial notice provides an exception to these general motion to dismiss standards." Moreover, the court noted, it is proper to "take judicial notice of facts in the same proceeding." Applying these principles, the court concluded that it could take judicial notice of the prior proceedings in the present case, including the dissolution and the prior modification.

The court also noted the "heavy burden upon a party seeking to modify custody." *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). It includes the obligation to show a substantial change in circumstances not "contemplated by the court when the decree was entered." *See id.*

With these principles in mind, the court considered the allegations in Maldonado's petition in light of prior proceedings in the case. Ultimately, the court concluded Maldonado had not pled a substantial change in circumstances that could justify modification. Rather, the court concluded, all of Maldonado's allegations "have previously been litigated." Accordingly, the court granted the motion to dismiss. But it denied Gardner's request for attorney fees and sanctions.

Maldonado appeals the dismissal of her petition. Gardner cross-appeals the denial of his request for attorney fees. Both parties also ask for appellate attorney fees and costs.

## II. Standard of Review

We review dismissals for correction of errors at law. *See Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 298 (Iowa 2020); *see also In re Marriage of Johnson*, Nos. 0-422, 99-1559, 2000 WL 1298748, at *1 (Iowa Ct. App. Aug. 30, 2000)

("Although we review a district court's modification of a dissolution decree de novo, we review the district court's grant of a motion to dismiss for errors of law."). We review a district court's denial of attorney fees and sanctions for abuse of discretion. *See In re Marriage of Kimbro*, 826 N.W.2d 696, 698 (Iowa 2013); *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009).

## III. Analysis

## A. Motion to Dismiss

Maldonado claims the district court erred in granting the motion to dismiss because (1) the court should not have taken judicial notice of the prior dissolution and modification proceedings; (2) her petition met the standards of notice pleading; (3) assuming judicial notice was appropriate, the court should have allowed her an "opportunity to provide facts in support of [her] position beyond [the] petition"; and (4) again assuming judicial notice was appropriate, the court should have conducted a "best interests" analysis following "an evidentiary hearing." We address each argument in turn.

### 1. Judicial notice

Maldonado's central argument is that the district court erred by taking judicial notice of the prior dissolution and modification proceedings. We disagree.

When considering a motion to dismiss, courts "are usually limited to the pleadings" and "generally ought not consider matters outside the pleadings." *Wilson v. Ribbens*, 678 N.W.2d 417, 418 (Iowa 2004). As Maldonado concedes, however, there is at least one exception. *See id.* (noting "[i]n a limited number of circumstances, however, resort to matters outside the pleadings is permissible on

a motion to dismiss"). Specifically, Maldonado concedes there is an exception for cases in which "a court is able to take judicial notice."

But Maldonado argues it was not appropriate for the district court to take judicial notice here. She relies on "[t]he general rule . . . that it is not proper for the court to consider or take judicial notice of the records of the same court in a different proceeding without an agreement of the parties." *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 460 N.W.2d 858, 861 (Iowa 1990). Because there was no agreement, Maldonado contends it was not "proper for the court to consider" the parties' prior litigation.

Gardner responds that the present modification dispute is simply an extension of the parties' larger dispute, which includes the dissolution, prior modification, and related motions. For practical purposes, it is all one case. So, in Gardner's view, the rule that courts may "take judicial notice of prior proceedings, orders, judgments and decrees in the same case" governs here. *Britven v. Britven*, 145 N.W.2d 450, 455 (Iowa 1966). This principle is "especially applicable where the object or purpose of the proceedings is to enforce a judgment or decree entered in the case." *Id.*

We think the same principle applies where, as here, the purpose of the proceeding is to modify a dissolution decree. We conclude it was proper for the district court to take judicial notice of the parties' prior dissolution-related litigation when considering Maldonado's current petition to modify the dissolution decree and, therefore, when ruling on Garner's motion to dismiss Maldonado's petition. [1]

---

[1] At a bare minimum, it was appropriate for the court to take judicial notice of the 2018 decree, the March 2019 petition for modification, and the August 2019

*See, e.g.*, *Mlynarik v. Bergantzel*, 675 N.W.2d 584, 586 (Iowa 2004) ("Although not alleged in the petition, we take judicial notice of a prior lawsuit arising out of these events that resulted in a published opinion . . . .").

### 2. Adequate pleading

Maldonado also argues that, *when viewed in isolation*, her petition pleads facts that "overcome the low burden required of notice pleading." But this argument does not address the circumstances before us. As explained, the court was *not* obligated to consider the petition *in isolation*. Rather, it was proper for the court to consider *both* the petition *and* the prior proceedings. More specifically, it was proper for the court to consider whether—in light of those prior proceedings—Maldonado's petition pled "a substantial change in circumstances" that "the trial court did not contemplate at the time of entrance of the original decree or at the time of a subsequent intervening modification proceeding." *See In re Marriage of Jacobo*, 526 N.W.2d 859, 864 (Iowa 1995). And Maldonado offers no criticism of how the district court completed that task. As Gardner correctly notes, Maldonado "did not take issue with the substance of the [court's] analysis in her brief. Rather, she asserted that the district court *should not have been allowed to do the analysis* by taking judicial notice." (Emphasis added.) *See State v. Gibbs*, 941 N.W.2d 888, 902 (Iowa 2020) (McDonald, J., concurring specially) (discussing waiver through failure to develop an argument). Because Maldonado has identified no

---

stipulation and order of approval, all of which were mentioned in the current petition. *See Daniels v. Holtz*, ___ N.W.2d ___, ___, 2021 WL 1148886, at *2 (Iowa 2021) (noting "the district court was also entitled to consider the dismissal orders specifically referenced by case number and date in Daniels's petition, even if they had *not* been attached"); *see also King v. State*, 818 N.W.2d 1, 6 n.1 (Iowa 2012).

errors in the district court's analysis, we presume its analysis was correct.[2] *See Clement v. Irwin*, No. 19-1192, 2020 WL 4498860, at *2 (Iowa Ct. App. Aug. 5, 2020) (noting "we presume the district court's ruling was correct" and "[w]e will affirm if the appellant fails to demonstrate error" and collecting cases).

### 3. Opportunity to provide additional facts

Maldonado also complains that, even assuming judicial notice was appropriate, the district court should have given her the "opportunity to provide facts in support of [her] position beyond [her] petition." But she identifies no additional facts that she would have provided to the district court—or how they could have changed the outcome. So we see no grounds for reversal. *See Jones v. Univ. of Iowa*, 836 N.W.2d 127, 140 (Iowa 2013) ("It is well-settled that nonprejudicial error is never ground for reversal on appeal.").

### 4. Best-interests analysis

Lastly, Maldonado argues that, "[r]egardless of the appropriateness of it taking judicial notice," the district court committed reversible error by "fail[ing] to consider [the] best interests of the children." We disagree. It is true that, before she could obtain relief, Maldonado would have been required to prove *both* (1) a substantial change in circumstances that was not previously contemplated *and* (2) that a modification would serve the children's best interests. *See, e.g.*, *In re Marriage of Weidner*, 338 N.W.2d 351, 361 (Iowa 1983) (noting dual requirements); *In re Marriage of Negro*, No. 13-1345, 2014 WL 2431529, at *2 (Iowa Ct. App. May 29, 2014) (same). As explained, though, Maldonado's petition

---

[2] Maldonado relies heavily on *In re Marriage of Jensen*, 251 N.W.2d 252, 254 (Iowa 1978). But judicial notice is not mentioned in *Jensen*.

failed on the first prong. This alone precluded modification. So there was no need for the court to engage in a best-interests analysis. *See In re Marriage of Minjares*, No. 19-0623, 2019 WL 6894283, at *2 n.1 (Iowa Ct. App. Dec. 18, 2019) ("Because we affirm based on Roy's failure to show a substantial change in circumstances warrants modification, we need not address whether one parent could render superior care or whether modification is in the children's best interests.").

**B. Attorney Fees**

Gardner cross-appeals the district court's denial of attorney fees. He requested fees under a sanctions theory, pursuant to Iowa Code section 619.19 (2020) and Iowa Rule of Civil Procedure 1.413, and under a prevailing party theory, pursuant to section 598.36. Here the district court declined to award fees because Maldonado "has limited financial means" and, moreover, fiscal sanctions would probably not deter her from pursuing unmeritorious litigation in the future. We defer to the court's findings, and we see no abuse in the court's reasoning. We affirm the district court's denial of Gardner's attorney fees.

**C. Appellate Attorney Fees**

Finally, we address the parties' requests for appellate attorney fees. Appellate attorney fees are awarded upon our discretion and are not a matter of right. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). When considering whether to award fees, "we consider 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013) (citation omitted). After consideration, we decline to award appellate attorney fees to either party.

**IV. Conclusion**

We affirm the district court on all issues. We decline both parties' requests for appellate attorney fees.

**AFFIRMED ON APPEAL AND CROSS-APPEAL.**